# EXHIBIT A



September 13, 2016

TOUHY REQUEST FOR DOCUMENTS

<u>VIA U.S. MAIL AND
EMAIL (david.bragdon@usdoj.gov)</u>

David Bragdon
United States Attorney's Office
Eastern District of North Carolina
Suite 800, 310 New Bern Avenue
Raleigh, NC 27601

  Re: *Rickey Howard v. Caddell Construction Company, Inc.; W.G. Yates & Sons Construction Company; & Julian Marie Breslow*
    No. 7:11-cv-00270-H-KS (E.D.N.C.)

Dear Mr. Bragdon:

  I write pursuant to the U.S. Department of Justice's Touhy regulations, 28 C.F.R. § 16.21 *et seq.*, to request production of certain documents and other material more fully described below regarding the criminal cases of Julian Marie Breslow ("Breslow") (7:14-cr-00008-D) and David J. Valdini & Associates, P.A. (the "Valdini Firm") (7:14-cr-00011-D).

*Background*

  As discussed, this firm represents Caddell Construction Company, Inc. ("Caddell") in the above-titled civil case pending in the Eastern District of North Carolina. Frank Trapp and Nathan Huff with Phelps Dunbar LLP represent W.G. Yates & Sons Construction Company ("Yates"), which joins in this Touhy request. The Rabon Law Firm, PLLC represents Relator Rickey Howard ("Relator"). Ms. Breslow is proceeding pro se.

  Relator filed this qui tam action under seal under the False Claims Act on December 22, 2011. The gravamen of Relator's Complaint is that Breslow, the Valdini Firm, and others set up Breslow Construction, LLC as a sham company to serve as a nominal "Women-Owned Small Business" ("WOSB") subcontractor on the Wallace Creek Phase I project at Camp Lejeune. Caddell and Yates in a joint venture serve as

Writer's Direct Dial: 336-271-3194  Fax: 336-232-3195  Email: dobrien@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
Attorneys and Counsellors at Law

the general contractor on that project. Relator also has tried to cast Caddell and Yates as participants in the various efforts of Breslow to create a separate corporation identity and in seeking other subcontracts with other prime contractors.

As you know, following a multi-year investigation, both the Valdini Firm and Breslow pleaded guilty to felonies stemming from their certification to Caddell and Yates that Breslow Construction qualified as a WOSB. Specifically, on May 22, 2014, the Valdini Firm pleaded guilty to Fraud Relating to a Major Contract with the United States and Aiding and Abetting in violation of 18 U.S.C. §§ 1031 and 2. On September 17, 2014, Breslow pleaded guilty to False Statements and Aiding and Abetting in violation of 18 U.S.C. §§ 1001 and 2. According to the dockets, both criminal cases are closed.

Although Relator's Complaint alleges Caddell and Yates participated in the Breslow Construction scheme, the United States elected to not intervene against Caddell and Yates and notified the Court of its decision on July 14, 2014. The same day, the United States filed a Notice of Partial Intervention in the qui tam action for the limited purpose of settling the clams against the Valdini Firm.

Relator continues to pursue his qui tam claims against Caddell, Yates, and Breslow. Per the Case Management Order, the parties must complete non-expert discovery by March 20, 2017. U.S. District Court Judge Malcolm Howard has scheduled a final pre-trial conference for October 16, 2017.

### *Description of Documents Sought*

We understand your office is in possession of several categories of documents and other files that are highly relevant to the qui tam action and not available from any other source. In particular, to the extent that the following records and information are lawfully obtainable by Caddell and Yates through a Touhy request or through discovery in the above-referenced case, Caddell and Yates request disclosure of:

1. Documents, electronic records, computer files, and other materials seized by the government pursuant to search warrants from Breslow Construction, Pompano Masonry Corporation, and any other entity controlled by Breslow;

2. Documents, electronic records, computer files, and other materials seized by the government pursuant to search warrants from the Valdini Firm;

3.  Documents, electronic records, computer files, and other materials produced in response to subpoenas in the criminal cases of Breslow and the Valdini Firm;

4.  Notes and/or recordings of interviews by Defense Criminal Investigative Service agents and other law enforcement agents of witnesses, including Breslow, Rickey Howard, Joseph Canitano, Michael Ridgeway, Stephen Siegel, David Valdini, and Elaine Parris;

5.  Notes of investigative activity relating to the criminal cases of Breslow and the Valdini Firm;

6.  Documents, electronic records, computer files, and other materials produced by Whiting-Turner Construction in response to subpoenas or voluntary submittals that concern, relate, or involve the Wallace Creek Phase II project and/or Whiting-Turner Construction dealing with Pompano Masonry Corporation, Breslow Construction, Marie Breslow, and/or Rickey Howard;

7.  Documents, electronic records, computer files, and other materials produced in response to subpoenas, investigative demands, and/or requests by the North Carolina Department of Administration, HUB Certification Office in Raleigh, North Carolina, that relate to Breslow Construction, Marie Breslow, and/or Rickey Howard; and

8.  Any other documents, notes, audio or video recordings, or other records obtained or created by the U.S. Attorney's Office for the Eastern District of North Carolina in connection with the investigation or prosecution of Marie Breslow, the Valdini Firm, Pompano Masonry Corporation, or Breslow Construction.

## *Basis for Disclosure*

Disclosure of these documents is appropriate pursuant to 28 U.S.C. § 16.26 and the Federal Rules of Procedure and Evidence. Any evidence relating to the creation of Breslow Construction and the performance of Breslow-affiliated companies on the Camp Lejeune projects are directly relevant to Relator's claim that Caddell and Yates submitted false claims by relying on an unqualified WOSB. These documents and materials are not available from any other source outside the federal government. For example, we understand the government seized original records from Breslow Construction and the Valdini Firm and has not returned them. The interview and

investigative activity notes are within the scope of discovery as contemporaneous records of witness statements and actions. Given their importance and our willingness to bear the cost of production, disclosure is more than proportional to the needs of the case.

     We are not aware of any privilege shielding these documents and materials from disclosure. If you believe to the contrary, please let us know so that we may evaluate the assertion of privilege. Additionally, we do *not* seek disclosure of documents or other material that fall under the criteria in Section 16.26 (d), including documents that would violate the grand jury secrecy rule. Finally, we are willing to apply to the Court for a protective order and confidentiality agreement to apply to disclosed documents.

***

     We certainly will work with you as to the most efficient method of disclosing these documents. I recommend attorneys for the parties be allowed to initially inspect and review the documents at the U.S. Attorney's Office and then arrange for copying at the parties' expense of any relevant documents.

     We appreciate your prompt attention to this request. If you need additional information, please let us know.

Sincerely,<br><br>D.J. O'Brien III

DJO/mfm
cc:    Counsel of Record (via email)
       Julian Marie Breslow