IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| United States, ex rel. RICKEY HOWARD, BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 7:11-cv-270-H |
| v. | ) ) | |
| CADDELL CONSTRUCTION COMPANY, INC., an Alabama Corporation; W.G. YATES & SONS CONSTRUCTION COMPANY, a Mississippi Corporation; and JULIAN MARIE BRESLOW, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RELATOR'S REPLY TO DEFENDANTS' RESPONSE TO RELATOR'S MOTION
TO STRIKE AND SANCTION BY EXCLUSION
DEFENDANTS' UNDISCLOSED AND HEARSAY
<u>SUMMARY JUDGMENT EVIDENCE</u>**

Plaintiff-Relator Rickey Howard ("Relator") files this Reply to Defendants Caddell Construction Company, Inc.'s ("Caddell") and W.G. Yates & Sons Construction Company's ("Yates") (collectively "Defendants") Response to Plaintiff-Relator Rickey Howard's Motion to Strike and Sanction by Exclusion Defendant's Undisclosed and Hearsay Summary Judgment Evidence (D.E. 250) ("Response"). Defendants generally advance two bases in opposition to the motion: first, that the Court should reject the motion for alleged procedural deficiencies; and second, that the Court should deny the motion for substantive reasons that largely stray into the territory of rehashing the merits of their motion for summary judgment. Neither of these grounds have merit for reasons set forth in Relator's motion and

1

memorandum, and as amplified in this Reply to specific arguments urged by Defendants in their response. Indeed, for the most part, Defendants do not appear to deny that numerous documents used in support of their motion for summary judgment were actually not produced within the time of discovery. Instead, they argue around this fact by contending, *inter alia*, that Relator had similar information and that the production deficiencies and hearsay objections are just harmless. The Court should reject Defendants' position and grant Relator's Motion to Strike.

I. **Defendants' Procedural Attack on Relators' Memorandum is Misplaced**

   A. **Error with Placement of Margins**

Counsel acknowledges that Relator's brief violated the one-inch margin rule required by Local Civil Rule 10.1(a) – but not to game the system and gain extra length, as Defendants accuse. The margin was simply misplaced on the page – too close to the lower edge of the page and too far on the upper edge. This margin error gave Relator no advantage. Counsel regrets that the error caused some text within the argument to overlap with the PACER stamp, rendering some lines of the brief overwritten, and apologizes for this to the Court. At no time since the filing of the original Memorandum on March 2, 2018 (D.E. 238) did Defendants ever request to be delivered a copy of the filing without the PACER footer stamp. If the Court desires the filing of a corrected copy, Relator would be happy to comply.

   B. **Relator's Motion is a Motion to Strike Summary Judgment Evidence, Not a Discovery Motion**

Defendants next argue that Relator's Motion is a "discovery motion" as defined by Local Civil Rule 7.1(c)(1) and thus reply briefs are not provided for and the movant must meet good faith certifications under Local Civil Rule 7.1(c)(2). Defendants assert that because Relator did not comply with these two rules, his Motion is improper and the Court should deny it on this technicality without reaching its merits. D.E. 250 at 1. Defendants' argument is misplaced. Relator's Motion seeks to exclude and strike Defendants' undisclosed and hearsay summary judgment evidence; it does not seek to compel Defendants to disclose documents, or answer interrogatories, or address any kind of "discovery dispute," as contemplated in Local Civil Rule 26.1(d), (for instance in providing for expedited resolution of

2

discovery disputes). Rule 26.1(d) is cited in Local Civil Rule 7.1(c)(1) and (g)(1), implying that discovery motions usually involve discovery disputes.[1] Here, discovery has been concluded since August 28, 2017. Any obligations and relief that can be achieved during that time period are now lost. There is not even much of a dispute at to what happened during discovery: Defendants admit that they disclosed the at-issue documents and witnesses late, which renders them inadmissible. The rest of Relator's objections are based on hearsay and also have to do with the admissibility of the evidence in question.

Furthermore, Defendants' assertion that Relator's motion is a discovery motion merely relies on Relator's seeking of sanctions under Rule 37(c). But Relator is objecting to this evidence on the basis of admissibility through failure to comply with Rule 26, as is allowed by Rule 56(c)(2). Fed. R. Civ. Pro. 56(c)(2). ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Relator's reliance on Rule 37(c) is required for the type of non-disclosure admitted by Defendants. The advisory committee's note in Rule 26 to the 2000 amendments on subdivisions (a) and (e) states that the "obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)." "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or *on a motion, such as one under Rule 56* [for summary judgment.]" Advisory Committee's notes to 1993 Amendments (emphasis added). This Circuit has ruled that that "note emphasize[s] that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 592 n.2 (4th Cir. 2003) (internal quotation marks omitted). Here, Defendants chose to use objectionable Summary Judgment evidence that was (1) undisclosed; (2) too-late disclosed; and (3) hearsay. Defendants violated their obligations under the rules and that obligation

---

[1] Tellingly, within Rule 37, only subsections 37(a)(1) and 37(d)(1)(B) call for a certification as a condition of the motion, evidently because in those circumstances a deficiency can still be corrected. Here, the motion relates to Defendants having failed to timely disclose or produce, and discovery has long since closed. Any conference with opposing counsel over this resolving this dispute would have been futile and pointless.

3

connects directly to the exclusion sanction of Rule 37(c)(1). Thus that evidence is inadmissible, which is the standard objection to evidence provided in connection with summary judgment. And because this motion is not a discovery motion, no certificate of conference applies regarding a good faith effort to settle a discovery dispute. *Merz N. Am., Inc. v. Cytophil, Inc.*, No. 5:15-CV-262-H-KS, 2017 U.S. Dist. LEXIS 158914, at *5-6 (E.D.N.C. Sep. 26, 2017)("The purpose of the conferment requirement set forth in Rule 37 and this court's local rules is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention.").

**C. Motions to Strike Summary Judgment Evidence, Separate from Summary Judgment Motions and Responses, are Commonplace in this District.**

It is standard operating procedure in this District is for litigants to object to summary judgment evidence in a separate motion and these motions to strike and exclude are not construed as "discovery motions." Courts have entertained separate summary judgment evidentiary motions in all of the following cases, among others:*Carolina Power & Light Co. v. Alcan Aluminum Corp.*, No. 5:08-CV-460-FL, 2013 U.S. Dist. LEXIS 23280, at *150 (E.D.N.C. Feb. 18, 2013); *Gilreath v. Cumberland Cty. Bd. of Educ.*, No. 5:11-CV-627-BR, 2014 U.S. Dist. LEXIS 105904, at *6 (E.D.N.C. July 31, 2014); *EEOC v. Triangle Catering, LLC*, No. 5:15-CV-00016-FL, 2017 U.S. Dist. LEXIS 28476, at *6 (E.D.N.C. Mar. 1, 2017); *Laschkewitsch v. Lincoln Life & Annuity Distributors, Inc.*, 47 F. Supp. 3d 327, 331 (E.D.N.C. 2014); *Singletary v. Cumberland Cty. Sch.*, No. 5:12-CV-744-FL, 2016 U.S. Dist. LEXIS 32429, at *17 (E.D.N.C. Feb. 12, 2016); *Knight Estate of Graham v. City of Fayetteville*, 234 F. Supp. 3d 669, 681–82 (E.D.N.C. 2017).

These cases belie Defendants' assertion that Relator's Motion is "improper because a motion to strike is no longer an authorized method of challenging the admissibility of evidence at the summary judgment stage." D.E. 250 at 2. None of Defendants' cited cases are actually from this district and, as shown above, it is still regular practice in this District to file a separate motion to strike faulty summary judgment evidence. Further, there was simply no plausible way Relator could simultaneously argue both

his objections to the evidence and respond to the Motion for Summary Judgment adequately within a thirty page limit given the six separately objectionable categories of evidence contained therein.

II.      **Relator Withdraws His Objection and Motion To Strike As to App. 522-23**

Notwithstanding the Defendant's non-production of Exhibits 1 and 2 to the Hailey Affidavit (D.E. 229-1, at 522-23), and without waiving or conceding any other position or the basis for Defendants arguments in response to the motion to strike these two documents, Relator now withdraws his objection and motion to strike the documents referenced as App. 522-23. In so doing, Relator does not concede or agree that these documents establish any evidence of the absence of materiality to the Government of Defendants' false claims in any way. Rather, the fact that the Government paid claims is just as likely to show that the Government paid claims based on "half-truths." See generally, *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

III.     **The Affidavit of Chet Hailey(Second) and Declaration of Mac Caddell Should be Stricken**

As to these persons, Defendants assert that each presents their Affidavit (Hailey) and Declaration (Caddell), respectively, as a "*Custodian of Records*" pursuant to FRE Rule 803(6)(A) – (C). Here, both Mr. Hailey and Mr. Caddell only present information as to facts and thus seek to admit *testimony* apart from *records*. Rule 803(6) of the Federal Rules of Evidence contemplates a person acting as a custodian of records providing the court with sufficient authorization and qualifications as to sponsor (authenticate) the admission of a record. In this case, Mssrs. Hailey and Caddell only state their alleged knowledge of facts, and do not stand as custodians for the admission of records under FRE 803(6). The provisions of FRE 803(6) therefore do not apply in this situation, and their Affidavit and Declaration should be stricken.

IV.     **Defendants' "Composite Exhibit C" Should Be Stricken**

Almost (if not all) the entirety of Composite Exhibit C relates to Relator's "Pass Through" claims asserted in the Second Amended Complaint. These exhibits were not timely served and when they were served (late), they were served in a manner that – whether by design or accident – was not effective to

5

achieve its purpose. Defendants now assert that none of this information in Composite Exhibit C "became relevant" until Defendants' final appeal of Relator's Motion to Amend was finally decided on December 12, 2017. (D.E. 250, p. 12). Defendants fail to tell this Court that Defendants' counsel knew that pass through claims were likely to be brought by amendment *at least as early as December 1, 2016*, when Relator filed his motion to extend the deadline for filing amended pleadings. See D.E.'s 119 [motion]; 120 [memorandum]; 121 [declaration]; and 121-1 to 122-7 [exhibits]. Thereafter, in fact, on January 21, 2017, the Order extending deadlines was entered (D.E. 132), and on January 31, 2017, the Motion to Amend (to add the pass- through claims in the Second Amended Complaint ("SAC")) and related documents, were filed. See D.E.'s 134 to 140. Indeed, the Defendants made a "continuing objection" in all depositions taken, starting with the first deposition (of Cleet McHenry, taken on April 6, 2017), as to any discovery questions asked in relation to the then-pending Second Amended Complaint. See Declaration of Charles H. Rabon ("Rabon Decl."), ¶ 17. On July 12, 2017, the Court issued its Order allowing Relator to file the SAC, D.E. 189, and on July 17, 2017, the SAC was filed and served. See D.E.'s 190 through 195-17. Relator served his Fourth set of discovery on July 25, 2017. See Rabon Decl., ¶ 18. At this point, discovery in the case was scheduled to close on August 28, 2017. See D.E. 132. However, several depositions remained to get done, including that of Yates' ex-employee Mark Smith, who seemingly had evaded service. (See D.E. 215 –Relator's September 14, 2017 Motion for Marshal's Service on Mark Smith – so ordered on September 26, 2017, D.E. 220). In order to be able to get agreement with opposing counsel to take needed depositions past the discovery cut off, Relator's counsel was forced to agree to dramatically scale back the Fourth request. In so doing, counsel did not expect to be "sandbagged" by then having Defendants to later deliver a substantial amount of documents that would be responsive to the original requests.

    The documents that constitute much of what is contained in Composite Exhibit C were sent only to one of Relator's counsel, via a "Dropbox" email that – as explained in the Declaration of Charles H. Rabon, D.E. 238-11 – did not get opened until counsel contacted Mr. Trapp after the MSJ was filed, with Appendices. Significantly, the service of discovery responses by email, or by Dropbox, is not compliant

6

with the service requirements of Rule 5 of the Federal rules of Civil Procedure. See FRCP, Rule 5. The parties in this case have not agreed to service of any papers in this case by electronic means, as contemplated by FRCP Rule 5(b)(2)(E). The documents are intended to be used by these Defendants to support allegations within their Answer and Affirmative Defenses within the scope of Relator's First set of discovery requests served on the Defendants, and should have been timely produced and properly served. See D.E.'s 238-4 and 238-4.

V.    **App. 515-16, The Performance Evaluation by NAVFAC and Offered to Be Admitted through Cleet McHenry, Should Be Stricken**

The Performance Evaluation cannot be authenticated. Even if it can, it is hearsay and the statements contained within are double hearsay. Mr. McHenry cannot authenticate the record because he was not "the custodian or other qualified witness." As his declaration states, Yates received the record and it was kept in the regular course of Yates' business. D.E. 237 at 21-22; see also App. 18 at ¶ 48. To be a "qualified witness" under FRE 803(6), one must be the custodian of records or have sufficient knowledge of the creation of record and the company's record keeping. *United States v. Porter*, 821 F.2d 968, 977 (4th Cir.1987). Mr. McHenry is not a "qualified witness" since he does not testify as such. See *United States v. Hernandez*, No. 98-4378, No. 98-4388, 1998 U.S. App. LEXIS 30859, at *6 (4th Cir. Dec. 7, 1998)*(unpublished)("qualified witness" is one "who has sufficient knowledge of the record-keeping system and the creation of the contested record to establish their trustworthiness").[2]

Even if Mr. McHenry does so qualify "[t]here is also another impediment to admissibility" since the Performance Evaluation comes from another entity's business record, the declarant must testify to each entity's qualifications under the business record exception. *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d 698, 706 (E.D. Va. 2004).[3] It is true "[t]here is not a requirement that the records have been

---

[2] *Accord United States v. Jacobs*, No. 94-5055, No. 94-5303, No. 94-5314, No. 94-5315, No. 94-5333, No. 94-5303, No. 94-5314, No. 94-5315, No. 94-5333, No. 94-5055, 1995 U.S. App. LEXIS 19474 (4th Cir. July 25, 1995) (finding record inadmissible because the witness "did not testify that he was familiar with the creation and maintenance of the records").

[3] "Under the plain text of the Rule, the declaration must show that the proffered record was made and kept as a regular practice *by the business activity from which the document comes*." *Rambus*. 348 F. Supp. 2d at 704–05

prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." *Id*. (quotation omitted). "But to satisfy Rule 803(6), each participant in the chain which created the record … must generally be acting in the course of the regularly conduct business." *Id*. at 702.[4] The fact that the Performance Evaluation comes from an outside entity means that the business record exception cannot alone satisfy an objection. See id. at 707 ("[i]f the source of the information is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record.)(quotation omitted).[5] The original source of the Performance Evaluation is from an "outsider," there are no declarations from the outside entity, and the proffered declaration of Mr. McHenry does not recite any fact that shows qualification by any participant in the chain who actually supplied the information. *Rambus*, 348 F. Supp. 2d at 707. Without more, the Defendants fail to authenticate the Performance Evaluation under the business records exception.

Even if the record can be authenticated, Defendants' fail to show an exception to the clear hearsay. Defendants rely on FRE 801(d)(2), which provides that a statement is not hearsay when it is an opposing party's statement being offered against that party. D.E. 250 at 23. Defendants' argue that the Government is the "real party in interest" since Relator brings the *qui tam* case on behalf of the Government. However, a "person or entity can be named in the caption of a complaint without necessarily becoming a party to the action." *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 935 (2009). The Supreme Court has ruled that "the United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party.'" *Id*. at 934. Although the ruling regarded a different rule, the *Eisenstein* Court used broad language and the ruling postdates both cases cited by Defendants.

---

(emphasis added).

[4] See also *Rowland v. Am. Gen. Finance Inc.*, 340 F.3d 187, 194–95 (4th Cir.2003)("If the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail.").

[5] "The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have." *Rambus*, 348 F. Supp. 2d at 707; *accord Fifth Third Bancorp & Subsidiaries v. United States*, No. 1:05-CV-350-TSH, 2008 WL 11351544, at *3 (S.D. Ohio Mar. 28, 2008).

In *Eisenstein*, the Court designated the distinction between a "party" and a "real party in interest." "A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" *Eisenstein*, 556 U.S. at 933 (quoting Black's Law Dictionary 1154 (8th ed.2004)).[6] Alternatively, an entity "may also become a 'party' to a lawsuit by intervening in the action." *Id*. The United States becomes a "'party' to a privately filed FCA action *only* if it intervenes in accordance with the procedures established by federal law." *Id.* (emphasis added).[7] "To hold otherwise would render the intervention provisions of the FCA superfluous, as there would be no reason for the United States to intervene in an action in which it is already a party." *Id*. The United States must affirmative intervene in order to become a party under the FCA. *Id*. at 934.[8] The United States is therefore not a "party" to this action and because FRE 801(d)(2) uses the term "party", Defendants cannot rely on that rule to avoid a hearsay objection.[9] See FRE 801(d)(2)("an opposing *party's* statement")(emphasis added).

**VI.     Numerous Parts of Cleet McHenry's Affidavit Should be Stricken**

In reply to the Defendants, Relator reiterates and incorporates by reference his arguments, contained in his principal brief, that McHenry's statements in his Affidavit are burdened by hearsay and by the fact that he is unqualified to render what amounts to expert opinions.

**CONCLUSION**

For all the foregoing reasons and all those set forth in this Reply and Relator's Motion to Strike, Relator respectfully requests urges the Court to grant Relator's Motion to Strike. Relator welcomes the opportunity to present for oral argument, should the Court deem that beneficial.

[*Signature Block To Appear On Next Page*]

---

[6] *See also United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, No. 2:14-cv-01786-MMD-GWF, 2016 U.S. Dist. LEXIS 76490, at *13 (D. Nev. June 13, 2016)("unlike a party to a lawsuit, which is one by or against whom a lawsuit is brought, a real party in interest is an actor with a substantive right whose interests may be represented in litigation by another.")(quotation marks removed)(quoting *Eisenstein*, 556 U.S. at 935).

[7] *See also* 31 U.S.C. § 3730(b)(2)(allowing the United States to "elect to intervene and proceed with the action."

[8] *See also United States ex rel. Gilbert v. Virginia Coll., LLC*, No. 2:15-CV-336-AKK, 2018 WL 1535291, at *5 (N.D. Ala. Mar. 29, 2018)(applying the *Eisenstein* as it relates to the United States' status in a lawsuit regarding the FCA's public disclosure bar, since that rule uses the term "party" rather than "real party in interest.")(citing 31 U.S.C. § 3730(e)(4)(A)(i)).

[9] One "cannot disregard that congressional assignment of discretion by designating the United States a 'party' even after it has declined to assume the rights and burdens attendant to full party status." *Eisenstein*, 556 U.S. at 933.

9

*/s/ Charles H. Rabon, Jr.*
Charles H. Rabon, Jr.
N.C. State Bar No. 16800
crabon@usfraudattorneys.com
Rabon Law Firm, PLLC
225 E. Worthington Avenue, Suite 100
Charlotte, NC 28203
Tel. 704-247-3247
Fax 704-208-4645

James A. Roberts, III
N.C. State Bar No. 10495
Lewis & Roberts, PLLC
jar@lewis-roberts.com
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Tel. 919-981-0191
Fax 919-981-0199
*Counsel for Plaintiff-Relator Rickey Howard*

OF COUNSEL:
Joel Androphy
Texas State Bar No. 01254700
JAndrophy@bafirm.com
**Sarah M. Frazier**
**Texas Bar No. 24027320**
**SFrazier@bafirm.com**
**Berg & Androphy**
3704 Travis Street
Houston, Texas 77002-9550
Tel.713-529-5622
Fax 713-529-3785

Matt Abbott
Alabama State Bar. No. AASB-3107-P70A

10

Case 7:11-cv-00270-H-KS   Document 253   Filed 04/20/18   Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **RELATOR'S REPLY TO DEFENDANTS' RESPONSE TO RELATOR'S MOTION TO STRIKE AND SANCTION** with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notification of such filing to the following persons:

| | |
|---|---|
| Kearns Davis | kdavis@brookspierce.com |
| D. J. O'Brien, III | dobrien@brookspierce.com |
| Andrew A. Steinberg | andrew.steinberg@usdoj.gov |
| Nathan Andrew Huff | nathan.huff@phelps.com |
| Frank W. Trapp | frank.trapp@phelps.com |

A hard copy was also mailed via U.S.P.S. to the following *Pro Se* Defendant:

Julian Marie Breslow
RRM Miami
Residential Reentry Office
401 N. Miami Avenue Miami, FL 33128

This the 20th day of April, 2018.

　　　　　　　　　　　　　　　　　　　*/s/ Charles H. Rabon, Jr.*
　　　　　　　　　　　　　　　　　　　Charles H. Rabon, Jr.